# Wilkerson *v.* Sellers & Orum Co.

## *Bill to Quit Title.*

(Decided May 24, 1909.　49 South. 874.)

1. *Judgment; Lien of Judgment; Title Acquired.*—The title acquired by one from a judgment debtor subsequent to the accrual of the judgment lien is inferior to that acquired by the judgment creditor by purchase at a said sale under an execution from the judgment.

2. *Subrogation; Determination of Right.*—The right to subrogation pro tanto under a mortgage cannot be determined in an action where the mortgagee is not a party.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. E. Wilkerson against the Sellers & Orum Company to quiet and settle title to certain lands named therein. From a decree dismissing the bill, complainants appeal. Affirmed.

The bill alleges that in 1903 Sellers & Orum Company, together with other creditors of G. A. Clayton and M. A. V. Clayton, his wife, brought a suit to set aside as voluntary and fraudulent a certain deed executed by G. A. Clayton to M. A. V. Clayton upon certain lands, including the following: S. E. 1-4 of N. E. 1-4, section 13, township 10, range 18; it being alleged that said land did not belong to said Clayton, and was not in his possession at the time it was included in the deed to his wife. It is alleged that this land, together with 420 additional acres of land, was ordered sold, and the copy of the decree is attached to the bill as an exhibit. It is alleged that the land was sold at public outcry and bought in by the respondent Sellers & Orum Company, and that the land above described is included in the sale. It is then alleged that the complainant in person and by counsel appeared at said sale and notified all purchasers publicly that the land above described was not owned by Clayton, but was owned by complainant, and occupied by him as a part of his homestead. It is then alleged that although the purchase money had not been paid, and no report of sale has been made by the register, the respondent Sellers & Orum Company will soon pay the purchase money, that the register would make his report, and that the court would be asked to confirm the sale, and that the first notice that complainant had that this particular land was involved in the transaction was a notice of the sale in the Luverne Critic. It is then alleged that Clayton had only the naked legal title to said 40 acres at the time that he made the conveyance to his wife, and at the time the bill was filed, as there was a mortgage for the purchase money thereof due one Ransom Jeter, which was of record in the office of the probate judge of said county. It is then alleged that prior to 1885 Jeter owned the

land, and sold the above-described 40, together with other lands, to one George Morris, Morris executing a mortgage on said lands to said Jeter to secure the purchase money, and Morris, being unable, to pay the mortgage, procured Clayton to take it off his hands and to secure or pay Jeter the purchase money. It then alleges the agreement between Jeter, Morris, and Clayton to do this, and so Morris made Clayton a deed to the land; but Clayton paid no part of the purchase money to Jeter, but to secure the same executed the mortgage to Jeter, and Jeter marked the Morris mortgage paid. Clayton, being unable to pay the mortgage debt, procured one Slaughter to pay the mortgage indebtedness due Jeter, which he did, and had the Jeter mortgage transferred to him (Slaughter). Slaughter made several efforts to sell the land with the consent of Clayton, and about Christmas, 1902, complainant agreed to buy said land and pay for the same in the fall; but, when complainant asked for his deed, Slaughter said that he had never foreclosed his mortgage, and that Clayton was to make any one a deed to any of the land, and the purchase price of the land was to be credited on the mortgage, and that in November, 1903, Clayton and his wife made and executed a deed to complainant conveying the above particularly described land as requested by Slaughter. A copy of the deed is attached. Upon delivery to complainant of said deed, complainant paid to Slaughter $50, and executed to him a mortgage on the land for $161,52, and thereupon Slaughter credited Clayton's mortgage with $200. A copy of this mortgage is attached. It is then alleged that in drawing up the papers a misdescription is inserted in the deed and mortgage from Clayton to complainant and from complainant to Slaughter; that as soon as it was discovered all the parties appeared before the same justice of the

peace, who had taken a previous acknowledgment, and made the proper corrections therein; but the mortgage, being on file, could not be corrected, so complainant and wife executed a new mortgage to Slaughter, properly describing the land. The prayer of the bill is that the court will not confirm the register's report as to the above particularly described land, and that the register be directed not to include said above-described land when making a deed to the purchaser at said sale, and that said 40 acres belonging to complainant be entirely eliminated in any way and for such other and further relief as they might be entitled to.

F. B. BRICKEN, and J. M. CHILTON, for appellant. The complainants to the bill assailing Clayton's conveyance to his wife as fraudulent were charged constructively with notice of Clayton's mortgage to Slaughter, and should have made the encumbrancer a party, otherwise, the decree would have been fraudulent.— *Dunklin v. Harvey,* 56 Ala. 177. A court of equity will always keep a live a mortgage or other security where the failure to do it would work substantial injustice.—2 Pom. sec. 791-3. A stranger found in possession of the property cannot be ejected under a decree unless he claims possession in subordination to the title concluded by the decree or obtained possession pendente lite.—*Trammell v. Simmons,* 8 Ala. 271; *Hooper v. Young,* 69 Ala. 486; *Johnson v. Smith,* 70 Ala. 117.

M. W. RUSHTON, for appellee. Clayton's equitable title was subject to levy and sale and a lien attached thereto in favor of respondent the day the judgment lien was filed for record.—*Hamilton v. Phillips,* 120 Ala. 177; *Howard v. Corey,* 126 Ala. 290; *Street v. Duncan,* 117 Ala. 573. The law requires transfers of mortgages

to be in writing which must contain apt words of conveyance and be witnessed or acknowledgel.—Secs. 982 and 984, Code 1896; *Langley v. Andrews*, 132 Ala. 148; *Sanders v. Cassidy*, 86 Ala. 246; *Robinson v. Callahan*, 91 Ala. 479; *Bibb v. Hawley*, 59 Ala. 403. Clayton conveyed no title if the mortgage was outstanding and if the mortgage had been paid, the land was subject to appellee's lien.—*High v. Hoffman*, 129 Ala. 359. Appellant was in no position to demand a deed since he had not paid the purchase money, and hence did not have a perfect equity.—*Bradley v. Bell*, 142 Ala. 382; *Echols v. Hubbard*, 90 Ala. 309; *Ashurst v. McKenzie*, 92 Ala. 483; Slaughter is not a party to the suit, and therefore, appellant has no standing in court.—*Davis v. Badham*, 145 Ala. 247; *Rush v. Electric Co.*, 124 Ala. 202; *Berry v. T. & C. R. R. Co.*, 134 Ala. 622.

ANDERSON, J.—The bill in this case seems to be one to quiet and determine the title of the respective parties to a certain 40 acres of land and to qualify a confirmation of a previous report of sale, so as to exclude said 40 acres therefrom. The respondent had a judgment lien upon the land, or upon Clayton's equity of redemption to the land, in case the mortgage held by Slaughter had not been satisfied of record, and the complainant having acquired no deed to the land in question from Clayton, prior to the accrual of respondent's lien, a title subsequently acquired would be subordinate to the one acquired by the respondent under the purchase at the chancery sale, and under the present bill the complainant was not entitled to relief, and the chancellor properly dismissed same.

As to whether or not the mortgage held by Slaughter is superior to respondent's title we need not decide, as the complainant shows neither a conveyance from

Slaughter nor a transfer of the mortgage, and is in no position in the present case to invoke the mortgage in support of his own or against the respondent's title. Nor can we decide upon complainant's rights to a subrogation pro tanto under the mortgage held by Slaughter to the extent of the payments made by him to said Slaughter, for the reason that Slaughter is not a party, even if such relief could be had under the present bill, which we need not decide; and, as the chancellor dismissed the bill without prejudice, the decree is in all respects affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.